IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD MARK NIXON, JR.,            :
                                    :
    Petitioner                      :
                                    :
v.                                  :    CIVIL NO. 3:17-CV-1281
                                    :
WARDEN J. BALTAZAR,                 :    (Judge Conaboy)
                                    :
    Respondent                      :

## MEMORANDUM

### Background

Ronald Mark Nixon, Jr. (Petitioner) an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Canaan Warden J. Baltazar. Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

Nixon states that he entered a guilty plea to a charge of possession of a firearm in furtherance of a drug trafficking offense in the United States District Court for the Middle District of Florida. As a result of his plea, Petitioner was sentenced to a 188 month term of imprisonment on October 31, 2013. See Doc. 1, ¶¶ 2-3.

According to the petition, Nixon did not pursue a direct appeal. The Petitioner does acknowledge that he previously sought

1

relief from the sentencing court via motion pursuant to 28 U.S.C. § 2255. See Doc. 1, ¶ 11.

Furthermore, a prior request by Petitioner to file a successive § 2255 motion seeking relief under Johnson v. United States 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016) was denied because it was determined that Johnson was not applicable to Nixon's case. See Doc. 1, p. 71.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief under two decisions by the United States Supreme Court, Burrage v. United States, 134 S.Ct. 881 (2014) and McFadden v. United States, 135 S.Ct. 2298 (2015). See Doc. 1, ¶ 12. Both cases were decided after the imposition of Nixon's sentence. Specifically, Nixon contends that under the principles announced in Burrage and McFadden, he is actually innocent because his guilty plea was involuntary and unintelligent and the result of ineffective assistance of counsel.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to §

2

2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, Civ. No. 4:05-cv-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since Nixon initiated his action before this Court, he is apparently arguing that he may bring his present claims via a federal habeas corpus petition and that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

A federal prisoner challenging the validity of a federal guilty plea and sentence, and not the execution of his sentence, is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner

3

to challenge the validity of a conviction or sentence"). Such a challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a

4

claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement(thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive

5

law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.

Federal courts have recognized that "the Supreme Court has not made Burrage retroactive." Alvarez v. Hastings, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); Gibson v. Thomas, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make Burrage retroactive to cases on collateral review as such it does not fall within the narrow Dorsainvil exception); Harrington v. Holland, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (Burrage not retroactively applicable to cases on collateral review). Second, a review of McFadden provides there is nothing to indicate that it changed the substantive law pertaining to Petitioner's firearm related conviction such that his conduct is now deemed not to be criminal.

Petitioner is clearly challenging the validity of his guilty plea and sentence which was imposed by the Middle District of Florida. Thus, he must do so by following the requirements of § 2255. As noted earlier, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Nixon has also not shown that he was unable to present his claims in a successive § 2255 proceeding or that

6

they are based upon any newly discovered evidence. Second, challenges to career offender status are not properly raised under § 2241. See Thomas v. Warden, Fort Dix, No. 17-2502, 2017 WL 2225574 *2 (D.N.J. May 19, 2017)

Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Nixon has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Second, Petitioner's Burrage argument is not based on a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims as stated simply do not establish that an intervening change in substantive law has negated the criminal nature of his conduct.

Clearly, Nixon's pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). Finally, it is noted that the caption of this case suggests that it was Petitioner's intent that this matter be filed as a successive § 2255 action with the sentencing court. See Doc. 1, p. 1.

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's

7

plea and sentence, his § 2241 petition will be dismissed without prejudice. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action. An appropriate order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 12th, 2017

8